John D. Tran, Esq. (Cal. Bar No. 231761)
Rosalind Ong, Esq. (Cal. Bar No. 234326)
Rhema Law Group, P.C.
1 Park Plaza Suite 600
Irvine, CA 92614
Telephone: (949) 852-4430
Facsimile: (866) 929-3519
jdt@rhemalaw.com
rto@rhemalaw.com

Attorneys for Plaintiff DONGGUANSHI ZHIBAI DIANZI SHANGWU YOUXIANGONGSI (A.K.A. KNOW WHITE).

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONGGUANSHI ZHIBAI DIANZI SHANGWU YOUXIANGONGSI (A.K.A. KNOW WHITE);<br><br>                    Plaintiff,<br><br>vs.<br><br><br>LILI WANG,<br><br><br>                    Defendant. | Case No:<br>**COMPLAINT FOR:**<br><br>**1). DECLARATORY JUDGMENT OF NON-INFRINGEMENT;**<br><br>**2). TORTIOUS INTERFERENCE WITH ECONOMIC RELATIONS;**<br><br>**3). STATE COMMON LAW UNFAIR COMPETITION UNDER CAL. BUS. & PROF. CODE SECTION 17200;**<br><br> **4). DECLARATORY JUDGMENT OF PATENT INVALIDITY**<br><br>**DEMAND FOR JURY TRIAL** |

DONGGUANSHI ZHIBAI DIANZI SHANGWU YOUXIANGONGSI (A.K.A. KNOW WHITE); ("Know White"), hereby complains of Defendant LILI WANG ("Defendant") and alleges as follows:

## INTRODUCTION

1. Know White brings this action to prevent Defendant from attempting to enforce Utility Patent No. 11,439,238 (the "'238 Patent") against a non-infringing product sold by Know White, which interferes with Know White's valuable business relations with Amazon and the public at large and to seek a Court order requiring Defendant to withdraw an infringement notice/complaint filed with Amazon, that Know White's accused product does not infringe the '238 Patent, and that the '238 Patent is invalid and should be cancelled. The dispute began when Defendant filed an infringement complaint and take down notice to Amazon in and around May 7, 2024. As a result of Defendant's actions, Amazon proceeded to remove and take down Know White's seller's listing of its folding chair product on Amazon identified by ASIN# B0D12FFHGX on the same day. Know White subsequently sent a letter to Defendant on May 28, 2024, providing arguments and analysis that Know White's folding chair product on Amazon identified by ASIN# B0D12FFHGX does not infringe any claims of the '238 Patent and that the '238 Patent is invalid due to several prior art references that pre-date the earliest effective filing date of the '238 Patent. However, Defendant ignored the contents of Know White's letter and proceeded to initiate a Neutral Patent Evaluation case through Amazon.

## JURISDICTION AND VENUE

2. This is an action for: (a) a declaration of non-infringement and invalidity of the '238 Patent arising under the patent laws of the United States, 35 U.S.C. § 100 *et seq.*, and (b) tortious interference with business relations and unfair competition, both arising under the laws of the State of California.

3. This Court has subject matter jurisdiction over the patent-related claim pursuant to 28 U.S.C. §§ 1331 & 1338; and this Court has subject matter jurisdiction over the remaining claims under 28 U.S.C. § 1367.

4. This Court has personal jurisdiction over the Defendant at least because she (1) has committed acts of enforcing and/or attempting to enforce an invalid patent against Know White, unfairly competing against Know White and intentionally interfering with the prospective economic relations of Know White in this District; (2) regularly did business or solicited business in this District; (3) engaged in other persistent courses of conduct and derived substantial revenue by its offering of infringing products and services and providing infringing products and services and providing infringing products and services in this District.

5. Venue is proper in this district under at least 28 U.S.C. §§ 1391(b)(c) and/or 1400(b). Venue in this district is proper for both parties are foreign entities that purposefully avail themselves to this Venue by marketing and conducting business in this Venue and that no other Venue would be a more suitable Venue.

## THE PARTIES

6. Know White is a limited liability company in China, having a principal place of business at 1004A S2 Fenggang Tian'am Cyber Park66, Dongshen 2nd Road, Yantian, Fenggang, Dongguan Guangdong, 523690, China.

7. Know White informed and believes Defendant is an individual with the address of Room 310, No. 22 Guanlantang West Area, Longhua, Shenzen, Guangdong Province, China.

## SUMMARY OF FACTS AND ALLEGATIONS OF RELIEF

8. Know White is a global manufacturer and distributor of a variety of consumer goods in the electronics, pets, sports, outdoor, home textiles and home furnishings industry. Know White has diversified sales channels through partners

such as Amazon, eBAY, AliExpress, Rakuten, Shopee and Alibaba and on platforms such as Temu and TikTok. In particular, Know White sells a folding chair product on Amazon identified by ASIN# B0D12FFHGX. A representative picture of Know White's accused product is shown below:



9. Since as early as April 6, 2024, Know White has been selling its folding chair product on Amazon.

10. On May 7, 2024, Know White received a notice from Amazon that the Defendant had filed an infringement complaint against Know White's folding chair product ASIN# B0D12FFHGX, alleging that it infringes at least claim 1 of United States Patent No. 11,439,238 (the "'238 Patent") owned by the Defendant.

11. On May 28, 2024, Know White's counsel sent Defendant a correspondence which provides notice and outlined Know White's position that the '238 Patent is invalid due to existing prior art that pre-dates the earliest effective filing date of the '238 Patent and also that Know White's folding chart product does not infringe any claims of the '238 Patent. Attached as Exhibit "A," is a true and correct copy of Know White's May 28, 2024 letter.

12. On June 19, 2024, Defendant's counsel responded by just stating that

Defendant is preparing its Amazon Neutral Patent Evaluation ("NPE") documents and did not address any of the issues raised by Know White in its May 28, 2024 letter, including Know White's invalidity based prior art arguments.

13. Between June 25, 2024 and July 26, 2024, the parties participated in the Amazon's NPE procedure/proceeding, where both the patent owner and accused Amazon seller presents arguments for and against infringement. Ultimately, the Amazon Neutral Evaluator rendered a non-binding decision on August 2, 2024, that Know White's folding chair product ASIN# B0D12FFHGX is likely to infringe claim 1 of the ''238 Patent, and on the same day, Amazon removed/took down Know White's folding chair product ASIN# B0D12FFHGX listing from the Amazon platform.

14. However, the Amazon NPE case is limited to one claim from an unexpired Utility Patent and the Amazon neutral evaluator will not accept certain invalidity defenses. Arguments regarding, for example, invalidating prior art, will not be accepted as part of a NPE case. Also, the Amazon Evaluator will not accept affidavits, declarations or other types of testimonial evidence.

15. Upon information and belief, Know White possesses persuasive prior art evidence to show that Defendant's '238 Patent is invalid for being anticipated and/or obvious under U.S.C. Sections 102 and 103.

16. Additionally, Know White believes the Amazon's Evaluator's decision on infringement is incorrect and failed to properly construe certain elements/limitations in claim 1 of the '238 Patent, which should have resulted in a non-infringement finding.

17. To the present date, Know White's folding chair product ASIN# B0D12FFHGX is still taken down and removed from the Amazon platform.

18. As a result of the delisting of its folding chair product ASIN# B0D12FFHGX, Know White has wrongfully and unjustly lost sales and potential sales, and Know White's Amazon Seller Performance Score has been reduced,

which has greatly negatively impacted Know White's business on the Amazon platform.

19. Know White estimates that the normal sales on Amazon of a similar type of product averages a daily revenue of approximately $3000.00. Thus, Know White reasonably calculates that it is losing approximately between $2500-$5000.00 per day as a result of Defendant's wrongful and unjust actions.

20. Know White's only remedy to restore its listing with Amazon, and to restore its Seller Performance Score, is to obtain a District Court order adjudicating that the '238 Patent is invalid and/or not infringed. And Know White's only remedy to recover for its lost sales is to seek monetary relief from this Court.

21. Accordingly, Know White now brings this action for a declaration of non-infringement of Defendant's '238 Patent. In addition, because Defendant is knowingly asserting an invalid '238 Patent against a non-infringement product to cause commercial harm to Know White, Know White also seeks relief for tortious interference with business relations and unfair competition.

22. Know White also seeks to cancel the Defendant's '238 Patent because it is invalid and to allow Know White to properly conduct its business, including the sale of the folding chair product ASIN# B0D12FFHGX without the continuing threat of litigation by the Defendant.

## COUNT I

**(Declaratory Judgment of Non-Infringement)**

23. Know White realleges Paragraphs 1-22 of this Complaint as if set forth fully herein.

24. Defendant has accused Know White's folding chair product ASIN# B0D12FFHGX of infringing the '238 Patent.

25. Know White's folding chair product ASIN# B0D12FFHGX does not infringe any claims of the '238 Patent.

26. An actual case or controversy exists between the parties as to the validity of the '238 Patent because Defendant has wielded that patent to obtain the removal of Know White's folding chair product ASIN# B0D12FFHGX from Amazon by alleging infringement of the '238 Patent.

27. Accordingly, this Court should declare that Know White's folding chair product ASIN# B0D12FFHGX does not infringe any claims of the '238 Patent.

## COUNT II

### (Tortious Interference with Economic Relations)

28. Know White realleges Paragraphs 1-27 of this Complaint as if set forth fully herein.

29. Know White had economic relationships with Amazon and end-user consumers regarding the sale of folding chair product ASIN# B0D12FFHGX. These relationships provided Know White with the probability of future economic benefits in the form of more sales of its folding chair product ASIN# B0D12FFHGX product on the Amazon platform.

30. Defendant is keenly aware of these relationships as evidenced by the fact that Defendant committed intentional acts designed to disrupt those relationships. In particular, Defendant sent a written notice of infringement to Amazon accusing Know White of patent infringement, with the specific intent that Amazon terminate Know White's listing for its folding chair product ASIN# B0D12FFHGX, which Amazon ultimately did. Defendant sent this notice of infringement in bad faith, with malice, oppression, and fraud.

31. Defendant's notice/complaint for infringement filed with Amazon, caused the actual disruption of Know White's relationship with Amazon in that Amazon in fact terminated and removed Know White's folding chair product ASIN# B0D12FFHGX as a result of Defendant's filing of its complaint/notice of infringement with Amazon. Defendant's notice also caused the actual disruption

of Know White's relationships with end-user consumers because those consumers are no longer able to purchase Know White's folding chair product ASIN# B0D12FFHGX on Amazon. Further, Defendant's written notice/complaint of infringement to Amazon may lead to the complete suspension of Know White's entire Amazon seller account.

32. Defendant's conduct caused actual economic harm to Know White in the form of lost sales of Know White's folding chair product ASIN# B0D12FFHGX, formerly listed on Amazon.

33. Defendant knew of Know White's relationship with Amazon and therefore has engaged in tortious interference with Know White's business relations.

## COUNT III
### (State Common Law-Unfair Competition)

34. Know White realleges Paragraphs 1-33 of this Complaint as if set forth fully herein.

35. The foregoing activities of Defendant's constitute unfair competition under the common law of the State of California pursuant to California Business & Professions Code Section 17200, et. seq.

36. Defendant's acts of knowingly enforcing its '238 Patent against Know White's folding chair product ASIN# B0D12FFHGX, which is a non-infringing product constitutes unfair competition against Know White, which is a direct competitor.

37. Upon information and belief, Defendant has derived and received, and will continue to derive and receive, gains, profits and advantages, from Defendant's unfair competition, in a total amount that is not presently known to Know White. By reason of Defendant's wrongful acts of unfair competition, as

alleged in this complaint, Know White has been damaged, and is entitled to monetary relief in an amount to be determined at trial.

38. By their actions, Defendant has irreparably injured and violated, and continue to irreparably injure and violate, the lawful rights of Know White, and such irreparable injury will continue, unless Defendant is enjoined by this Court.

## COUNT IV
### (Declaratory Judgment of Patent Invalidity)

39. Know white realleges Paragraphs 1-38 of this Complaint as if set forth fully herein.

40. Defendant has accused Know White's folding chair product ASIN# B0D12FFHGX of infringing at least claim 1 of the '238 Patent.

41. There is prior art evidence that pre-dates the earliest effective filing date of the '238 Patent, which is April 25, 2022. In particular, Know White's folding chair product ASIN# B0D12FFHGX essentially contains the same structural details as the invention disclosed in the prior art reference U.S. Patent No. 9,854,914 (hereafter "Engi Leisure"). A copy of the Engi Leisure patent is attached hereto as Exhibit "B." The Engi Leisure patent claims a foreign prior publication date of June 2, 2015, and thus pre-dates the effective filing date of the '238 Patent.

42. Additionally, other prior art references such as US 2009/0174233 (hereafter "Hoffman"), and US 10010179 (hereafter "Stump et. al.") also pre-date the '238 Patent. Attached as Exhibits "C," and "D," respectively, are true and correct copies of the Hoffman and Stump et. al. prior art references.

43. Engi Leisure anticipates the '238 Patent and Engi Leisure, in combination with Hoffman, and Stump et. al., render the '238 Patent obvious. Specifically, the limitations of independent claim 1 of the '238 Patent are expressly disclosed by the above cited references as shown below:

| | |
|---|---|
| 1. A folding chair, comprising: | |
| a lower assembly comprising a lower block and three or more legs pivotally connected to the lower block; | See Fig. 3 of Engi Leisure (CN 106714619) |
| an upper assembly comprising an upper block and three or more arms pivotally connected to the upper block; | See Fig. 3 of Engi Leisure (CN 106714619) |
| a middle assembly connecting the upper assembly and the lower assembly; and | See Fig. 5 of Engi Leisure (CN 106714619) Also, Hoffman (US 2009/0174233) discloses an upper assembly rotatably coupled to the lower assembly for 360 degree rotation |
| a flexible seat comprising the same number of end portions as the number of the arms, wherein each end portion is arranged at an end of each arm away from the upper block, | See Fig. 2 of Engi Leisure (CN 106714619) |
| wherein the upper block is provided with a stop portion to limit the rotation angle of the arms, and | See Fig. 8 of Engi Leisure (CN 106714619) |
| wherein the arms are retractable, the flexible seat is arranged to be in a relaxed state when the arms are in a retracted state, and in a tight state when the arms are in an extended state. | See Fig. 7 of Stump et al. (US 10010179) |

Aside from the above cited prior art references, Know White believes numerous other prior art references exist that pre-date the effective earliest filing date of the '238 Patent. Accordingly, the '238 Patent is invalid under 35 U.S.C. § 100 *et seq.*, including, but not limited to 35 U.S.C. §§102(a) and 102(b).

44. An actual case or controversy exists between the parties as to the validity of the '238 Patent because Defendant has wielded that patent to obtain the removal of Know White's folding chair product ASIN# B0D12FFHGX, from Amazon by alleging infringement of the '238 Patent, which is invalid.

45. Accordingly, this Court should declare the '238 Patent to be invalid and that the '238 Patent Registration should be cancelled.

# PRAYER FOR RELIEF

Know White respectfully requests the following relief:

    A.  That the Court render a final judgment in favor of Know White and against Defendant on all claims for relief alleged herein;

    B.  That this Court enter final judgment declaring that Know White's folding chair product ASIN# B0D12FFHGX does not infringe the '238 Patent;

    C.  That this Court enter final judgment declaring that the '238 Patent is Invalid and that the '238 Patent Registration be cancelled;

    D.  That this Court order Defendant (1) to serve upon Amazon a copy of the final judgment in this action declaring that Know White's folding chair product ASIN# B0D12FFHGX does not infringe the '238 Patent, and (2) to withdraw their notice/complaint of infringement & take down request to Amazon;

    E.  That this Court enter final judgment that Defendant has tortiously interfered with Know White's business relations with Amazon and end-user consumers;

    F.  That this Court enter final judgment that Defendant has competed unfairly with Know White;

    G.  That Defendant be ordered to pay over to Know White all damages which Know White has sustained as a consequence of the acts complained of herein, subject to proof at trial;

    H.  That the foregoing award of damages include any damages caused in whole or in part by Defendant arising from any suspension of Know White's Amazon seller account;

    I.  That Defendant be ordered to pay over to Know White punitive and exemplary damages in accordance with California law for their malicious oppressive, and fraudulent misconduct;

    J.  That Know White recover the costs of this action; and

    K.  That the Court award Know White further relief as the Court deems just.

Dated: August 16, 2024　　　　**RHEMA LAW GROUP, P.C.**

_____
By: John D. Tran
Attorneys for Plaintiff
DONGGUANSHI ZHIBAI DIANZI SHANGWU YOUXIANGONGSI (A.K.A. KNOW WHITE)